IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Sharif Simmons, | ) | C/A No. 0:13-266-TMC-PJG |
|           Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | ) | |
|           Defendant. | ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC. The plaintiff, Sharif Simmons, ("Simmons"), who is self-represented, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be affirmed.

## ADMINISTRATIVE PROCEEDINGS

In March 2010, Simmons applied for DIB and SSI, alleging disability beginning March 1, 1999. Simmons's applications were denied initially and upon reconsideration, and he requested a hearing before an administrative law judge ("ALJ"). A hearing was held on March 8, 2011, at which Simmons appeared and testified. Although he was informed of his right to representation, Simmons chose to represent himself at the hearing. The ALJ issued a decision on April 29, 2011 denying benefits and concluding that Simmons was not disabled. (Tr. 14-26.)

Simmons was born in 1977 and was twenty-one years old at the time of his alleged disability onset date. (Tr. 31.) He has a high school education and past relevant work experience as a grocery store clerk, a dishwasher, and a cook. (Tr. 44-45, 160-61.) Simmons alleged disability since March 1, 1999 due to bipolar disorder and hypertension. (Tr. 154, 159.)

The ALJ found as follows:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2004.

2. The claimant has engaged in some substantial gainful activity since March 1, 1999, the alleged onset date (20 CFR 404.1571 *et seq.* and 416.971 *et seq.*).
   * * *
3. The claimant has the following severe impairments: bipolar disorder (20 CFR 404.1520(c) and 416.920(c)).
   * * *
4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
   * * *
5. After careful consideration of the entire record, . . . the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: he is limited to performing simple, routine, repetitive tasks, with no ongoing interaction with the general public, and occasional interaction with coworkers and supervisors.
   * * *
6. The claimant is capable of performing past relevant work as a dishwasher. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).
   * * *
7. The claimant has not been under a disability, as defined in the Social Security Act, from March 1, 1999, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Tr. 16-25.) The Appeals Council denied Simmons's request for review on September 7, 2012, making the decision of the ALJ the final action of the Commissioner. (Tr. 5-7.) This action followed.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A), (d)(5) and § 1382c(a)(3)(H)(I), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the ALJ to consider, in sequence:

(1)    whether the claimant is engaged in substantial gainful activity;

(2)    whether the claimant has a "severe" impairment;

(3)    whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4)    whether the claimant can perform his past relevant work; and

(5)    whether the claimant's impairments prevent him from doing any other kind of work.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).[1] If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

---

[1] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances. 20 C.F.R. §§ 404.1520(h), 416.920(h).

Page 3 of 11



Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id.

Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

## ISSUE

Simmons argues that the Commissioner erred in denying his application for disability benefits. Specifically, he appears to argue that his impairment meets a Listing.

## DISCUSSION

As an initial matter, the court observes that following a discussion with the ALJ about representation during which the ALJ offered to provide Simmons additional time to obtain counsel or other representation, Simmons elected to represent himself before the ALJ. An ALJ has a duty to ensure a claimant receives a full and fair hearing of his claims. Sims v. Harris, 631 F.2d 26, 27 (4th Cir. 1980). This duty includes exploring relevant facts and inquiring into issues necessary for adequate development of the record. Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986). This duty is particularly important where a claimant appears *pro se*. Marsh v. Harris, 632 F.2d 296, 299 (4th Cir. 1980). However, the heightened duty of care in *pro se* cases relates to the development of the issues and facts in the record, and does not impact the weight to be given to the evidence in the record. See Bell v. Chater, 57 F.3d 1065, 1995 WL 347142 (4th Cir. June 9, 1995) ("[T]he ALJ is not required to function as the claimant's substitute counsel, but only to develop a reasonably complete record.") (citing Clark v. Shalala, 28 F.3d 828, 830-31 (8th Cir. 1994)). Whether he is represented or not, the plaintiff bears the burden of proof, and he is responsible for providing evidence to support his application and demonstrate disability. See 20 C.F.R. §§ 404.1512(a) & (c), 416.912(a) & (c); 42 U.S.C. § 423(d)(5)(A).



At Step Three of the sequential analysis, the Commissioner must determine whether the claimant meets the criteria of one of the Listings and is therefore presumptively disabled. "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria." Sullivan v. Zebley, 493 U.S. 521, 530 (1990) (emphasis added). It is not enough that the impairments have the diagnosis of a listed impairment; the claimant must also meet the criteria found in the Listing of that impairment. 20 C.F.R. §§ 404.1525(d), 416.925(d); see also Bowen v. Yuckert, 482 U.S. 137, 146 (1987) (noting that the burden is on the claimant to establish that his impairment is disabling at Step 3); Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992) (same). The Commissioner compares the symptoms, signs, and laboratory findings of the impairment, as shown in the medical evidence, with the medical criteria for the listed impairment.

At Step Three, the ALJ found that Simmons "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." (Tr. 18.) In making this finding, the ALJ discussed whether Simmons met the requirements of Listing 12.04, Affective Disorders. The required level of severity to satisfy Listing 12.04 is met when the criteria in paragraphs "A" and "B" are satisfied or when the criteria in paragraph "C" are satisfied. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04. In this case, the ALJ first found that Simmons did not satisfy the paragraph "B" criteria,[2] which require that Simmons's mental impairments result in at least two of the following:

1. Marked restriction of activities of daily living; or
2. Marked difficulties in maintaining social functioning; or
3. Marked difficulties in maintaining concentration, persistence, or pace; or

---

[2] It appears to be undisputed that Simmons met the "A" criteria.

>    4.    Repeated episodes of decompensation, each of extended duration.

Id. Specifically, the ALJ found that Simmons had mild limitations in activities of daily living; moderate limitations in social functioning and in concentration, persistence, or pace; and "no episodes of decompensation, which have been of extended duration." (Tr. 18.) The ALJ further found that Simmons did not satisfy the paragraph "C" criteria, stating that

> there is no medically documented history of a residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the claimant to decompensate or a current history of 1 or more years inability to function outside a highly supportive living arrangement.

(Id.)

Simmons generally disputes the ALJ's determination that he did not meet the requirements of Listing 12.04. In support of this argument, Simmons points to some of the medical records documenting an involuntary hospitalization for seven days in 1999, diagnosis and treatment for bipolar disorder by the Federal Bureau of Prisons including being placed on suicide watch in December 2001 and January 2002, and treatment in 2008 and 2009. (Pl.'s Br. at 3-4, ECF No. 45 at 5-9.) The court observes that the ALJ thoroughly discussed all of these records as well as others in his opinion and Simmons's records do not demonstrate that he meets the requirements of Listing 12.04. (Tr. 22-23.) Accordingly, the courts finds that Simmons cannot demonstrate that the ALJ's findings regarding the paragraph "B" or "C" criteria are not supported by substantial evidence.

To the extent that Simmons is arguing that the ALJ erred in failing to find that his impairments, both severe and non-severe, are medically equivalent to a Listing, the court has reviewed the record and ALJ's decision and finds that Simmons has failed to demonstrate that the ALJ's decision is unsupported by substantial evidence or controlled by an error of law. The



Commissioner can determine that the claimant's impairments are medically equivalent to a Listing, which occurs when an impairment is at least equal in severity and duration to the criteria of a Listing. 20 C.F.R. §§ 404.1526(a), 416.926(a). There are three ways to establish medical equivalence: (1) if the claimant has an impairment found in the Listings but does not exhibit one or more of the findings specified in the particular Listing or one of the findings is not as severe as specified in the particular Listing, then equivalence will be found if the claimant has "other findings related to [that] impairment that are at least of equal medical significance to the required criteria;" (2) if the claimant has an impairment not described in the Listings but the findings related to the impairment are at least of equal medical significance to those of a particular Listing; or (3) if the claimant has a combination of impairments and no singular impairment meets a particular Listing but the findings related to the impairments are at least of equal medical significance to those of a Listing. 20 C.F.R. §§ 404.1526(b), 416.926(b).

When a claimant has more than one impairment, the ALJ must consider the combined effect of all impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. 20 C.F.R. §§ 404.1523, 416.923. In Walker v. Bowen, 889 F.2d 47, 49-50 (4th Cir. 1989), the United States Court of Appeals for the Fourth Circuit explained:

> [A] failure to establish disability under the listings by reference to a single, separate impairment does not prevent a disability award. It is axiomatic that disability may result from a number of impairments which, taken separately, might not be disabling, but whose total effect, taken together, is to render claimant unable to engage in substantial gainful activity. In recognizing this principle, this Court has on numerous occasions held that in evaluating the effect[] of various impairments upon a disability benefit claimant, the Secretary must consider the combined effect of a claimant's impairments and not fragmentize them. . . . As a corollary to this rule, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments.

Id. at 49-50 (internal citations omitted)



Upon review of the ALJ's decision, the court observes that the ALJ specifically discussed Simmons's impairments in combination. In analyzing the combined effects of Simmons's bipolar disorder and hypertension, the ALJ found "[w]hile the combination of the claimant's impairments imposes some limitations, there is no indication in the record that the claimant's ability to sustain consistent function has been complicated by the combination of these impairments. Although his hypertension may affect his symptoms of bipolar disorder, the record does not indicate that the claimant's mental impairments imposed more than moderate functional limitations." (Tr. 19.) Therefore, the court finds that the ALJ's discussion is sufficient to comply with the requirements of Walker.

Additionally, upon review of the ALJ's decision, the court finds that Simmons has failed to point to any evidence, nor can the court discern any evidence, that would demonstrate that the ALJ's residual functional capacity assessment and conclusion that Simmons was capable of returning to his past relevant work as a dishwasher are unsupported by substantial evidence or controlled by an error of law. See Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) (indicating that a diagnosis is insufficient to establish disability as "[t]here must be a showing of a related functional loss"); see Craig, 76 F.3d at 589 (stating that the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]"); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (holding that it is the ALJ's responsibility, not the court's, to determine the weight of evidence and resolve conflicts of evidence); Hines v. Barnhart, 453 F.3d 559, 565 n.3 (4th Cir. 2006) (noting that a claimant's allegations "need not be accepted to the extent that they are inconsistent with available evidence").



**RECOMMENDATION**

For the foregoing reasons, the court finds that Simmons has not shown that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard. See Craig, 76 F.3d at 589; see also 42 U.S.C. § 405(g); Coffman, 829 F.2d at 517. The court therefore recommends that the Commissioner's decision be affirmed.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 23, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).