IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Sharif Simmons, | ) | |
| | ) | Civil Action No. 0:13-266-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin,[1] Acting Commissioner of Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

Plaintiff Sharif Simmons ("Simmons"), proceeding pro se, brought this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act ("SSA"). This matter is before the court for review of the Report and Recommendation ("Report") of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of social security cases in this district. (ECF No. 50).[2] The magistrate judge recommends affirming the Commissioner's decision denying benefits. Simmons timely filed objections (ECF No. 52) and the Commissioner filed a reply to those objections (ECF No. 54).

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Federal Rule of Civil Procedure 25(d), Colvin should be substituted for Michael J. Astrue as the defendant in this action.

[2] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

## I. Background

Simmons filed an application for DIB and SSI in March 2010, alleging a disability onset date of March 1, 1999. His application was denied initially and on reconsideration. Simmons requested review by an administrative law judge ("ALJ") and a hearing was held before an ALJ on March 8, 2011.

On April 29, 2011, the ALJ denied Simmons' claim finding him not disabled under the SSA. The ALJ found that Simmons suffered from the severe impairment of bipolar disorder. However, the ALJ found that Simmons' impairment did not meet or were medically equal to the criteria for any of the listed impairments. Accordingly, the ALJ proceeded to assess Simmons' residual functional capacity ("RFC"). The ALJ found that Simmons could perform a full range of work at all exertional levels but with certain nonexertional limitations, and that he could perform his past relevant work as a dishwasher. The ALJ, however, determined that Simmons could perform other jobs in existence in the national economy in significant numbers, and therefore, denied his disability claim.

Simmons sought review of the ALJ's decision by the Appeals Council. On September 7, 2012, the Appeals Council declined to review the ALJ's decision. Simmons then filed this action for judicial review on January 29, 2013. In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated here by reference. Simmons filed objections to the Report on May 30, 2014 (ECF No. 52), and the Commissioner filed a response to those objections on June 16, 2014 (ECF No. 54). This matter is now ripe for review.

## II. Standard of Review

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security

as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

### III. Analysis

In his objections, Simmons summarily contends that the magistrate judge erred by finding that he was not disabled from March 1, 1999, through the date of the ALJ's decision. (ECF No. 52 at 7). Simmons has not pointed to any specific error in the Report. A general objection to the proposed findings and recommendations of a magistrate judge has the same effect as no objection at all. *See, e.g., United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007) ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized. . . ."); *Page v. Lee*, 337 F.3d 411, 416 n. 3 (4th Cir.

2003) ("[P]etitioner's failure to object to the magistrate judge's recommendation with the specificity required by [Rule 72(b)] is, standing alone, a sufficient basis upon which to affirm the judgment of the district court. . . .").

Having reviewed the record under the appropriate standards, as set out above, the court concurs with both the reasoning and the result reached by the magistrate judge in her Report. The ALJ's decision is supported by substantial evidence. Therefore, the court adopts the Report and the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

June 19, 2014
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.